# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DANIEL L. BRADFORD,**

               **Plaintiff,**              **CIVIL ACTION NO. 16-cv-12214**

        **v.**                        **DISTRICT JUDGE TERRENCE G. BERG**

**CAREN ALBERCOOK, et al.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendants.**

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT [16]

Plaintiff Daniel L. Bradford filed this *pro se* civil rights action on June 15, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendants Caren Albercook, Connie Ives, James Richardson,[1] and Eric Walton denied him adequate medical care in violation of his Eighth Amendment rights. (Docket no. 1.)  This matter is before the Court on a Motion for More Definite Statement filed by the Michigan Department of Corrections (MDOC) Defendants: Connie Ives, James Richardson, and Eric Walton.[2]  (Docket no. 16.)  Plaintiff has not responded to the Motion, and the time for response has passed.  This action has been referred to the undersigned for all pretrial purposes. (Docket no. 18.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

---

[1] Plaintiff named "J. Richardson" as a defendant in the Complaint, who has since been identified as James Richardson.  (*See* docket nos. 1, 15.)

[2] Also pending before the Court are Defendant Caren Albercook's Motion to Dismiss (docket no. 17) and Plaintiff's Motion in Opposition of Summary Judgment (docket no. 20), which the Court will address separately in a report and recommendation.

With regard to substance, the Federal Rules of Civil Procedure only require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, a party may file a motion for a more definite statement if the complaint is still "so vague or ambiguous that the [responding] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The MDOC Defendants request that the Court order Plaintiff to file an amended complaint or a brief that provides a more definite statement because the Complaint is so vague and ambiguous that responding to it would require a large amount of guesswork and speculation. (Docket no. 16.)

The statement of facts in Plaintiff's Complaint consists entirely of the following factual allegations:

- "Inadequate medical care by Dr. Albercook."

- "Bias and prejudicial actions by RN Connie Ives who is Health Unit Manager."

- "C/O J. Richardson taking medical accommodation [sic] papers w/no penalogical justification and acting in bias and racist behavior."

- "Eric Walton (R.U.M.) knows policy mandates medical details be honored yet allows staff & himself to violate the policy."

(Docket no. 1 at 3.) Plaintiff then sets forth the following claims:

- "Eight[h] Amendment right to have adequate medical care and to not be subjected to any increased risk of a permanent impairment or the development of a serious disease by the defendants['] acts or omissions."

- "Right to be treated humanly [sic] and equally regardless of race or status."

(*Id.*)

2

The Court agrees with Defendants that the Complaint, as written, is so vague and ambiguous that Defendants could not possibly frame a meaningful responsive pleading. The Complaint is substantially devoid of factual allegations and fails to inform the Court or Defendants of how or when they denied Plaintiff adequate medical care or otherwise violated his rights. Essentially, the Complaint fails to provide Defendants with sufficient notice of the claims against which they must defend. The Court acknowledges that Plaintiff sets forth several factual allegations and claims against Defendants in his Motion in Opposition of Summary Judgment that provide some detail regarding the allegations in the Complaint. (*See* docket no. 20.) However, it was procedurally improper for Plaintiff to make those allegations for the first time in a Motion in Opposition of Summary Judgment; such allegations would be properly pled in an amended complaint. The Court will, therefore, grant the MDOC Defendants' Motion for More Definite Statement (docket no. 16) and will order Plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure, specifically Rule 8(a), within thirty (30) days of this Opinion and Order. The Amended Complaint must clearly and sufficiently explain what each defendant allegedly did to violate Plaintiff's constitutional or statutory rights and how each defendant is involved with each claim. Failure to comply with this Order may result in sanctions, including dismissal of Plaintiff's claims.

**IT IS SO ORDERED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

3

Dated:  January 23, 2017          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated:  January 23, 2017          s/ Lisa C. Bartlett
                                   Case Manager