UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL L. BRADFORD,

      Plaintiff,                    CIVIL ACTION NO. 16-cv-12214

      v.                             DISTRICT JUDGE TERRENCE G. BERG

CAREN ALBERCOOK, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Daniel L. Bradford filed this *pro se* civil rights action on June 15, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendants Caren Albercook, Connie Ives, James Richardson,[1] and Eric Walton denied him adequate medical care in violation of his Eighth Amendment rights. (Docket no. 1.)  This matter is before the Court on Defendant Albercook's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  (Docket no. 17.)  Plaintiff did not respond to the Motion within the time allotted for response.  Plaintiff did, however, file a Motion in Opposition of Summary Judgment approximately two months later.  (Docket no. 20.)  This action has been referred to the undersigned for all pretrial purposes.  (Docket no. 18.)  The Court has reviewed the pleadings, dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Plaintiff named "J. Richardson" as a defendant in the Complaint, who has since been identified as James Richardson.  (*See* docket nos. 1, 15.)

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant Albercook's Motion to Dismiss (docket no. 17) be **DENIED** and that Plaintiff's Motion in Opposition of Summary Judgment (docket no. 20) be **DENIED**.

**II.    REPORT**

Defendant Albercook moves to dismiss Plaintiff's claims against her pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket no. 17.) A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

The sole allegation that Plaintiff makes with regard to Defendant Albercook in the Complaint is "[i]nadequate medical care by Dr. Albercook," which violated his "Eight[h] Amendment right to have adequate medical care and to not be subjected to any increased risk of a permanent impairment or the development of a serious disease." (Docket no. 1 at 3.) Defendant Albercook argues that dismissal is warranted because Plaintiff's allegation is conclusory and vague, and Plaintiff fails to otherwise plead any specific allegations against her. (Docket no. 17 at 11-12.) Defendant Albercook further argues that even if Plaintiff had made

specific allegations against her, he has failed to plead that he had a sufficiently serious medical need, which is necessary to support a claim of deliberate indifference under the Eighth Amendment. (*Id*. at 12-13.)

The Court agrees with Defendant Albercook that Plaintiff's claims against her fail to state a claim upon which relief can be granted. In fact, Plaintiff's claims against all four defendants in this matter suffer from this same deficiency, which the Court has addressed by granting the MDOC Defendants' Motion for More Definite Statement and ordering Plaintiff to file an amended complaint that clearly and sufficiently explains what each defendant allegedly did to violate Plaintiff's constitutional or statutory rights and how each defendant is involved with each claim. For this reason, Defendant Albercook's Motion to Dismiss should be denied.

Additionally, as noted above, Plaintiff filed a Motion in Opposition of Summary Judgment approximately two months after Defendant Albercook filed the instant Motion to Dismiss. (Docket no. 20.) Denial of Plaintiff's motion is warranted on the sole basis that a motion for summary judgment has not been filed in this action. But even if the court were to construe Plaintiff's Motion as one in opposition of Defendant Albercook's Motion to Dismiss and accept it as timely, it should be denied as moot in light of the recommendation that Defendant Albercook's Motion be denied. Accordingly, the court should deny both Defendant Albercook's Motion and Plaintiff's Motion (docket nos. 17 and 20).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 23, 2017          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: January 23, 2017          s/ Lisa C. Bartlett
                                 Case Manager