# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DANIEL L. BRADFORD,**

    **Plaintiff,**      **CIVIL ACTION NO. 16-cv-12214**

    v.      **DISTRICT JUDGE TERRENCE G. BERG**

**CAREN ALBERCOOK** *et al.*,      **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Daniel L. Bradford filed this *pro se* prisoner civil rights action on June 15, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendants Caren Albercook, Connie Ives, James Richardson,[1] and Eric Walton denied him adequate medical care in violation of his Eighth Amendment rights. (Docket no. 1.) This matter is before the Court on Plaintiff's Motion for Default Judgment. (Docket no. 27.) Defendants have not responded to Plaintiff's Motion. This action has been referred to the undersigned for all pretrial purposes. (Docket no. 18.) The Court has reviewed the pleadings, dispenses with oral argument on the Motion pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I. RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Default Judgment (docket no. 27) be **DENIED**.

---

[1] Plaintiff named "J. Richardson" as a defendant in the Complaint, who has since been identified as James Richardson. (*See* docket nos. 1, 15.)

## II. REPORT

In Plaintiff's Motion for Default Judgment, he asserts that (1) he has stated an arguable claim against Defendants, and (2) he has honored the "time lines" set by the Court, and Defendants should be held to the same standard. (Docket no. 27.) While not explicitly stated, Plaintiff appears to seek default judgment on the basis that Defendants did not respond to the Amended Complaint within the time allotted under Federal Rule of Civil Procedure 12. Plaintiff's Motion fails on both substantive and procedural grounds. First, in suits brought by prisoners under 42 U.S.C. § 1983, a defendant may waive the right to respond to the complaint, without such waiver constituting an admission of the allegations in the complaint. 42 U.S.C. § 1997e(g)(1). Moreover, the Court has not required Defendants to file an answer to the Amended Complaint (*see* 42 U.S.C. § 1997e(g)(2)), and the dispositive motion deadline has not yet passed. Procedurally, Plaintiff is not entitled to a default judgment under Federal Rule of Civil Procedure 55 because he did not first seek entry of a default from the clerk of the court. *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009) (it is procedurally improper for a party to move for entry of a default judgment without first seeking entry of a default from the clerk of the court). Accordingly, Plaintiff's Motion for Default Judgment should be denied.[2]

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

---

[2] Plaintiff's prayer for relief asks the Court to "Grant this Motion for Summary Judgement." (Docket no. 27 at 2.) The Court construes this as a typographical error in light of the fact that the title of the Motion and the Proof of Service indicate that it is a Motion for Default Judgment. Furthermore, the Motion contains no argument or basis for summary judgment.

*Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 28, 2017        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: November 28, 2017        s/ Leanne Hosking
                                Case Manager

3